# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>PEOPLE OF THE STATE,<br><br>  Defendant. | Case No.  1:15-cv-01541-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Paul A. Martinez is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint filed on October 7, 2015.  (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
4  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
5  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
8  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
9  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
10 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
11 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
12 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
13 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
14 F.3d at 969.

## II.

## DISCUSSION

17 Plaintiff brings this action against District Attorney Donna Pfeil and the People of the
18 State of California.  (Compl. 2, ECF No. 1.)  Plaintiff alleges that Defendant Pfeil promised that
19 he would receive his time credits when he was sent to prison and he has not received a single day
20 of time credits.  (Id. at 5.)  Plaintiff is seeking his time credits and monetary damages.  (Id.)

### A.   Plaintiff's complaint is Barred by Heck v. Humphrey

22 When a prisoner is challenging the legality or duration of her custody and the relief he
23 seeks is immediate or speedier release, his sole federal remedy is habeas corpus.  Preiser v.
24 Rodriguez, 411 U.S. 475, 500 (1973).  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme
25 Court held that in order to recover damages for alleged "unconstitutional conviction or
26 imprisonment, or for other harm caused by actions whose unlawfulness would render a
27 conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has
28 been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

2

1 authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486.  A claim for damages that bears a relationship to a conviction or sentence that has not been invalidated, expunged or reversed is not cognizable under 1983.  Id.

Plaintiff brings this action to obtain time credits, and the effect is to shorten his term of confinement.  A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff is clearly challenging the legality or duration of his custody.  Plaintiff alleges that the district attorney promised him that he would receive time credits when he was sent to prison and has not received the credit.  Plaintiff is seeking an order from this Court that his time credits be given to him.  Since the success in this action would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus.  Since Plaintiff's claim is barred by Heck, the Court recommends that the complaint be dismissed without prejudice.

**B.   Plaintiff has Failed to State a Claim**

The Ninth Circuit has not addressed whether a dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g).  See Andrews v. Cervantes, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007).  In Heck, the Supreme Court stated that the decision was due to the denial of "existence of a cause of action."  512 U.S. at 489.  District courts have considered this language to imply a failure to state a claim.  See Shove v. McDonald, No. 14-CV-02903-JD, 2015 WL 5693730, at *2 (N.D. Cal. Sept. 29, 2015); Tirey v. Lemach, No. CV 13-48-H-DWM-RKS, 2014 WL 1493603, at *7 (D. Mont. Apr. 15, 2014); Gowadia v. Sorenson, No. CIV. 14-00288 SOM/BM, 2014 WL 3579657, at *2 (D. Haw. July 18, 2014) reconsideration denied, No. CIV. 14-00288 SOM, 2014 WL 3956806 (D. Haw. Aug. 12, 2014), aff'd (Feb. 26, 2015).  Several other circuits have found that complaints dismissed as barred by Heck are count as strikes under section

1915(g). Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (Heck barred complaint was properly dismissed for failure to state a claim); Smith v. Veterans Admin., 636 F.3d 1306, 1312 (10th Cir. 2011) ("dismissal of a civil rights suit for damages based on prematurity under Heck is for failure to state a claim").

The Court finds that Plaintiff has failed to state a claim and this dismissal should count as a strike under section 1915(g).

### III.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2015**

UNITED STATES MAGISTRATE JUDGE